UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MOUTON,

        Plaintiff,

vs.                     Case No.  2:11-cv-568-FtM-29DNF

THE SCHOOL BOARD OF COLLIER COUNTY,
DEBORAH A. TERRY, JOSE HERNANDEZ,
DANIEL COX, in their individual and
official capacities,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint (Doc. #13) filed on November 17, 2011. Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. #15) on April 2, 2012.

**I.**

The facts alleged in the Amended Complaint are as follows: Plaintiff Kenneth Mouton (plaintiff) is an African American male teacher for the Collier County School Board (School Board). (Doc. #12, ¶¶ 3, 5.) Plaintiff began teaching in Collier County in 1993 and his employment is governed by a collective bargaining agreement (Doc. #12, Exh. A) with the School Board. (Doc. #12, ¶¶ 6, 20.) Plaintiff is certified by the State of Florida to teach in the areas of Physical Education and Health. (Id. at ¶ 4.)

At the end of the 2008-2009 school year, plaintiff was notified by Golden Gate High School's (GGHS) principal, defendant

Jose Hernandez (Hernandez), that he would be involuntary transferred from GGHS to East Naples Middle School (ENMS) pursuant to the collective bargaining agreement. (<u>Id.</u> at ¶ 49.)  After his transfer, Hernandez, acting with defendant Daniel Cox (Cox), the Assistant Principal for Curriculum and Instruction at GGHS, staffed the Physical Education department at GGHS with Caucasians, all of whom have less seniority than plaintiff.  Some of these individuals were also given the opportunity to obtain certifications to teach other subjects, but plaintiff was not given the same opportunity. All of the staffing decisions were ratified by defendant Deborah A. Terry (Terry), the School Board's Executive Director of Human Resources.  (<u>Id.</u> at ¶¶ 9, 49-55.)

Two years after his involuntary transfer, plaintiff filed a Level II grievance (Doc. #12, Exh. B) with the School Board pursuant to § 8.091 of the collective bargaining agreement,[1] requesting that he be transferred back to GGHS.  (Doc. #12, ¶ 29.) The collective bargaining agreement provides a three level grievance procedure ending in binding arbitration, and requires the parties to adhere to strict time limits.  (Doc. #12, Exh. A, art.

---

[1]Section 8.091 states that if the basis for the "claim arises from the action or inaction on the part of the District Office Administration, and not of that by a school-based or work-site Administrator or Supervisor, the GRIEVANCE will commence at Formal Level II."  (Doc. #12, Exh. A.)  According to the grievance, this provision is applicable to plaintiff because the assignment and/or transfer of employees is the responsibility of the superintendent, with recommendation to and approval by the School Board.  (Doc. #12, Exh. B.)

8.)   Plaintiff alleges that the School Board failed to respond to his grievance within the required ten days.[2]  (Doc. #12, ¶¶ 37-41.)

Plaintiff's Amended Complaint sets forth two counts based on state law (Counts I & III) and one count based on federal law (Count II).  In Count I, plaintiff seeks injunctive relief against the School Board and Terry.  In Count II, plaintiff alleges that the School Board and Terry, Hernandez, and Cox deprived him of his equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 and § 1985 by assigning teachers to GGHS in a racially discriminatory manner.  Finally, in Count III plaintiff alleges that the School Board breached the collective bargaining agreement.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  James River Ins.

---

[2]Pursuant to § 8.051 of the collective bargaining agreement, the superintendent shall meet with the grievant within ten days of receipt of the grievance.  (Doc. #12, Exh. A.)

Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly.  James River Ins. Co., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### III.

The Court will first address the challenges to the sole federal claim, and then address challenges to the state law claims.

**A. Count II**

Count II of the Amended Complaint attempts to state a claim under 42 U.S.C. §§ 1983 and 1985 against the School Board and Hernandez, Cox, and Terry.  Plaintiff asserts that both his 2009

transfer and the staffing decisions in 2009 and thereafter violated his constitutional equal protection rights because the transfer and staffing decisions were  made on the basis of race.  Defendants challenge this count on several different grounds.

### (1)  Official Capacity Claims Against Individual Defendants

Defendants argue that naming the individual defendants in their official capacities is tantamount to asserting claims against the School Board, and is redundant and unnecessary because the School Board is itself a named defendant.  Defendants assert that the official capacity claims in Count II should be dismissed. (Doc. #13, p. 4.)  The Court agrees.

It is well established that "[o]fficial capacity claims are tantamount to a suit against the government entity involved." Jones v. Cannon, 174 F.3d 1271, 1293 n.15 (11th Cir. 1999).  See also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (official capacity suits represent another way of pleading an action against an entity of which the officer is an agent and shall be treated as a suit against the entity).  It is unclear, however, whether Count II attempts to state claims against the individual defendants in their official capacities.  No such assertion is made in the body of Count II, and while ¶ 17 is not explicitly incorporated in Count II that paragraph states that all three individual defendants "are being sued in their individual capacities". (Doc. #12, ¶ 17.)  The title or caption of the case, however, states that the individual

defendants are sued in their individual and official capacities. If the Amended Complaint was intended to state claims in Count II against the individual defendants in their official capacities, those claims are dismissed.

### (2) § 1983 Claim Against School Board

The School Board argues that the § 1983 claim against it must be dismissed because plaintiff has not alleged a legal basis for liability. Specifically, the School Board asserts that the Amended Complaint fails to adequately allege a policy or custom of the School Board which was the moving force behind the alleged deprivation of plaintiff's constitutional rights. (Doc. #13, pp. 5, 7-9.) The Court agrees.

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "A municipality may only be held liable under § 1983 when one of its policies causes a constitutional injury." Amer. Fed. of Labor and Cong. of Indus. Org. v. City of Miami, 637 F.3d 1178, 1187 (11th Cir. 2011)(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). This requires that the policy be the "moving force" behind the constitutional injury. Amer. Fed. of Labor and Cong. of Indus. Org., 637 F.3d at 1187; Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). The government entity "must be found to have *itself* caused the constitutional

violation at issue; it cannot be found liable on a vicarious liability theory." Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir. 2007) (emphasis in original) (citing Monell, 436 U.S. at 694-95). It is only when the execution of a policy or custom inflicts the injury that the government entity may be held liable. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citations omitted). "School boards constitute branches of local government and thus may be subject to liability under Monell." Denno v. School Bd. of Volusia Cnty., 218 F.3d 1267, 1276 n.9 (11th Cir. 2000) (citing Arnold v. Board of Educ., 880 F.2d 305, 310 (11th Cir. 1989)). See also K.M. v. School Board of Lee County, Fla., 150 F. App'x 953, 957 (11th Cir. 2005).

The Amended Complaint alleges that the School Board has promulgated policies which prohibit unlawful discrimination and arbitrary employment treatment of the type complained of in this case. (Doc. #12, ¶¶ 15, 16.) As plaintiff notes, the Amended Complaint also identifies several other policies that were allegedly violated by the School Board. (Doc. #15, p. 9.) It is not the violation of a policy which imposes § 1983 liability, however, but a policy or custom which was the moving force behind the alleged constitutional violation. It is only when the execution of a policy, not the violation of a policy, causes the injury that the government entity may be held liable. See McDowell, 392 F.3d at 1289-90. "This 'official policy' requirement

-7-

was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." K.M., 150 F. App'x at 957 (internal quotation and citation omitted). Count II fails to allege any such policy, and will therefore be dismissed as to the School Board for failure to state a claim upon which relief may be granted.

Additionally, it appears that Count II attempts to hold the School Board vicariously liable for the actions of Hernandez, Terry, and Cox.[3] A school board's liability may not be premised on the theory of *respondeat superior*, and plaintiff must allege that Hernandez, Cox, and/or Terry had final policymaking authority in order to impose liability on the School Board. Denno v. School Bd. of Volusia Cnty., 218 F.3d 1267, 1276 (11th Cir. 2000) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). "Final policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review." Scala v. City of Winter Park, 116 F.3d 1396, 1401 (11th Cir. 1997). Whether a party is a final policymaker is a question of law to be determined by the court. Doe v. Sch. Bd. of Broward County, Florida, 604 F.3d 1248, 1264 (11th Cir. 2010); Floyd v. Waiters, 133 F.3d 786, 795 (11th Cir.

---

[3]Plaintiff alleges that "the District by way of" Hernandez, Cox, and Terry engaged in the unlawful acts. (Doc. #12, ¶¶ 54, 59-60.)

1998) (opinion reinstated in <u>Floyd v. Waiters</u>, 171 F.3d 1264 (11th Cir. 1999)).

The Amended Complaint alleges in a conclusory statement that Terry is responsible for teacher assignments and that her actions constitute a final policy decision by the School Board.  (Doc. #2, ¶ 22.)  The collective bargaining agreement attached to the Amended Complaint, however, contradicts this assertion.  The Collective Bargaining Agreement states "that the assignment and/or transfer of each EMPLOYEE within the [district] is the responsibility of the SUPERINTENDENT, with recommendation to and approval by the BOARD."  (Doc. #12, Exh. A, § 6.02.)  "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."  <u>Crenshaw v. Lister</u>, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting <u>Griffin Indus., Inc. v. Irvin</u>, 496 F.3d 1189, 1206 (11th Cir. 2007)).  Additionally, "[u]nder Florida law, final policymaking authority for a school district is vested in the School Board.  Fla. Stat. Ann. § 230.22(1) (2001) (now codified at § 1001.41).  The Superintendent may recommend policies to the School Board, but is not given authority to make final policy without the Board's approval.  Fla. Stat. Ann. § 230.32 (2001) (now codified at § 1001.49).  Nor does state law authorize any other employee to make final policy for the Board.  "[A]lthough authority to make municipal policy may be . . . delegated by an official who possesses such authority[,]" <u>Mandel v. Doe</u>, 888 F.2d 783, 792 (11th

Cir. 1989), there is no evidence the Board delegated its policymaking authority." K.M., 150 F. App'x at 957. There is no allegation that the School Board ratified the decisions of the individual defendants and the unconstitutional basis for the decision. Matthews v. Columbia Cnty., 294 F.3d 1294, 1298 (11th Cir. 2002). Therefore, plaintiff has failed to state a plausible claim against the School Board under § 1983 on this basis as well.

Count II will be dismissed as to the School Board for failing to state a claim upon which relief may be granted.[4]

### (3) § 1983 Claim Against Individual Defendants

To state a claim under § 1983 against Hernandez, Cox, and Terry in their individual capacities, plaintiff must allege "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005); see Kentucky v. Graham, 473 U.S. 159, 166 (1985). The constitutional violation alleged in the Amended Complaint is equal protection based upon racial discrimination. To make out a *prima facie* case of racial discrimination under § 1983, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for

---

[4]Defendants also assert that the School Board is immune from punitive damages under § 1983. (Doc. #13, p. 4.) The Court agrees. "In a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities." Young Apts., Inc. v. Town of Jupiter, 529 F.3d 1027, 1047 (11th Cir. 2008) (citing Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)). Since the School Board is being dismissed as a defendant in Count II, this portion of the motion is moot.

the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008). Plaintiff has satisfied the first two elements by alleging that he is African American and that he is certified by the state to teach Physical Education and Health. (Doc. #12, ¶ 2-6.) Plaintiff states that as a result of his transfer, he lost compensation, supplemental income, and employment opportunities unique to his work as a high school teacher. (Doc. #12, ¶¶ 63-64.) This is sufficient to constitute an adverse employment action. See Crawford, 529 F.3d at 970 (conduct will be considered an adverse employment action if it substantially alters the employee's compensation, terms, conditions, or privileges of employment, deprives him of employment opportunities, or adversely affect his status as an employee); see also Doe v. Dekalb Cnty. Sch. Bd., 145 F.3d 1441, 1452 (11th Cir. 1998) (noting a transfer to a different position may be adverse if it involves a reduction in pay, responsibilities, or prestige). Finally, plaintiff states that similarly situated Caucasians were given preferential treatment. (See Doc. #12, ¶ 61.) Therefore, plaintiff has sufficiently alleged a constitutional violation.

Plaintiff must also allege that the individual defendants acted under color of state law. "[G]enerally, a public employee acts under color of state law while acting in his official capacity

-11-

or while exercising his responsibilities pursuant to state law." West v. Atkins, 487 U.S. 42, 50 (1988); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1523 (11th Cir. 1995). Because the recommendation, assignment, and transfer of teachers are within the scope of Hernandez, Cox, and Terry's duties as employees of the School Board, the facts alleged are sufficient to support a conclusion that they acted under color of state law.

Defendants also assert that Count II is deficient because it merely "lumps" the individual defendants together without sufficiently identifying their individual conduct. (Doc. #13, pp. 4-5.) The Court finds that the allegations are sufficient to put the defendants on notice as to the claims against them and the grounds upon which they rest. Throughout the Amended Complaint, plaintiff identifies the individual defendants by name and states their role in the alleged actions.

Accordingly, the motion to dismiss § 1983 claim against Terry, Hernandez, and Cox in their individual capacities will be denied.

**(4)  § 1985 Claim Against All Defendants**

Defendants argue that the conspiracy claim stated in Count II is barred by the intracorporate-conspiracy doctrine, and that in

any event it fails to allege all the elements of a § 1985 conspiracy. (Doc. #13, pp. 5-6.) The Court agrees with both positions.

Count II alleges that Hernandez, Cox, and Terry conspired to violate plaintiff's constitutional rights in violation of 42 U.S.C. § 1985(3), and arguably alleges that the School Board was a participant in this conspiracy. (Doc. #12, ¶¶ 58-62.) To state a claim of conspiracy under §1985(3), the plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Cooksey v. Waters, 435 F. App'x 881, 883 (11th Cir. 2011) (quoting Park v. City of Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997)). "The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal." Mickens v. Tenth Judicial Cir., 181 F. App'x 865, 876 (11th Cir. 2006) (citing Bailey v. Board of Cnty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992)).

Plaintiff is not entitled to relief under his § 1985(3) claim because the claim is barred by the intracorporate conspiracy

doctrine.   Under  the  intracorporate  conspiracy  doctrine,  "a
corporation cannot conspire with its employees, and its employees,
when acting in the scope of their employment, cannot conspire among
themselves."   McAndrew v. Lockheed Martin Corp., 206 F.3d 1031,
1036 (11th Cir. 2000).  "This doctrine has been applied not only to
private  corporations  but  also  to  public,  government  entities."
Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 767 (11th Cir.
2000).  The only conspirators identified by plaintiff are employed
by the School Board, and the acts are alleged to have been within
the scope of their employment.[5]  (Doc. #12, ¶¶ 9-12.)  Therefore,
plaintiff's conspiracy claim under § 1985 will be dismissed.[6]  See
Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010); Denney v.
City of Albany, 247 F.3d 1172, 1191 (11th Cir. 2001).

Additionally, the § 1985(3) claim will be dismissed because
plaintiff failed to allege an agreement between the defendants.
Count II simply alleges that Hernandez, Cox, and Terry conspired to
withhold information from him, to assign a "Leadership" course to
the Physical Education Department, and to deny him equal protection

---

[5]"The scope-of-employment inquiry is whether the employee . .
. was  performing  a  function  that,  but  for  the  alleged
constitutional infirmity, was within the ambit of the [employee's]
scope of authority (i.e., job-related duties) and in furtherance of
the employer's business."  Grider v. City of Auburn, 618 F.3d 1240,
1261 (11th Cir. 2010).

[6]The Eleventh Circuit has recognized an exception to the
intracorporate conspiracy doctrine in § 1985 civil rights cases
when the alleged conduct violates the federal criminal code.
Grider, 618 F.3d 1240, 1263 (11th Cir. 2010).  Plaintiff has not
alleged a criminal violation; thus, the exception does not apply.

of the laws.   (Doc. #12, ¶¶ 58, 60, 62.)   Plaintiff's assertion that the defendants "conspired" is a conclusory allegation and the Amended Complaint is devoid of facts that would allow the Court to plausibly infer that an agreement or a conspiracy existed between the defendants.   See Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to simply aver in the complaint that a conspiracy existed.").

### (5) Attorney Fees

Defendants request that the incurred attorneys' fees be paid by plaintiff pursuant to 42 U.S.C. § 1988.   (Doc. #13.)   Under § 1988(b), a prevailing party may be awarded "a reasonable attorney's fee as part of the costs."   The Supreme Court has, however, held that in civil rights cases the "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).   No such showing has been made, and Count II of the Amended Complaint against Hernandez, Cox, and Terry in their individual capacities has not been dismissed.   The request for attorney's fee is denied.

### B.  State Law Claims

### (1)  Failure to Exhaust Remedies

Defendants assert that the Court lacks subject matter

jurisdiction over the claims in Count I and Count III of the Amended Complaint because plaintiff failed to exhaust the administrative remedies provided in the collective bargaining agreement. (Doc. #13, pp. 9-12.)  The Court finds that dismissal is appropriate, but not for lack of subject matter jurisdiction.

A challenge to the subject matter jurisdiction of the court is brought under Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be based upon either a facial or a factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).  If the defendant raises a facial attack, the district court may only look to see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, taking the facts alleged as true. Id. Factual attacks challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings. Id. In such an instance, the district court may dismiss based on the complaint, either alone, or supplemented by undisputed facts, its resolution of disputed facts, or both. Id.

It is also clear, however, that a failure-to-exhaust issue is normally considered an affirmative defense, not a challenge to the Court's subject matter jurisdiction. Jones v. Bock, 549 U.S. 199, 211-17 (2007); Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008).  Nonetheless, the Eleventh Circuit has found failure to exhaust to be a matter of abatement which is properly raised in a

-16-

motion to dismiss as a "matter of judicial administration." Id. at
1375.   In such a motion, a district court may consider facts
outside of the pleadings to resolve a factual dispute regarding
exhaustion where the factual dispute does not decide the merits of
the claim and the parties have a sufficient opportunity to develop
the record.   Tillery v. United States Dep't of Homeland Sec., 402
F. App'x 421, 424-25 (11th Cir. 2010) (citing Bryant, 530 F.3d at
1376)).

It is well settled that "[e]mployees claiming breach of a
collective bargaining agreement . . . are bound by that agreement's
terms providing a method for resolving disputes between them and
their employer."   Kivisto v. National Football League Players
Ass'n, 435 F. App'x 811, 811 (11th Cir. 2011) (quoting Mason v.
Continental Group, Inc., 763 F.2d 1219, 1222 (11th Cir. 1985)).
"When an employee asserts an arbitrable grievance, but has not
attempted to utilize the dispute resolution available to him under
the agreement, his independent suit must be dismissed."   Id.; see
also District Bd. of Trustees v. Caldwell, 959 So. 2d 767, 770
(Fla. 4th DCA 2007) (holding that a court may not entertain a suit
when the complaining party has not exhausted the available
administrative remedies); City of Coral Gables v. Fortun, 785 So.
2d 741, 742 (Fla. 3d DCA 2001) (same).

Plaintiff argues that the Court is unable to resolve the
failure to exhaust argument because there is insufficient

information before the court as to what occurred or did not occur. (Doc. #15, p. 11.)  The Amended Complaint alleges that plaintiff is entitled to bring this action because the School Board waived the grievance procedure by failing to comply with the strict time limits provided by the agreement.  (Doc. #12, ¶ 44.)  The Court assumes plaintiff is correct as to the fact, i.e., that the School Board failed to comply with the time limits of the collective bargaining agreement.  Plaintiff's waiver argument, however, is belied by the agreement itself.

The collective bargaining agreement states that it was "made in accordance with Florida Statute 447" (Doc. #12, Exh. A, § 1.01), which dictates that the grievance procedure "used for the settlement of disputes between employer and employee . . . involving the interpretation or application of the collective bargaining agreement" end in binding arbitration.  Fla. Stat. § 447.401.  Furthermore, the collective bargaining agreement defines a grievance as a formal claim involving a "violation, misinterpretation or inequitable application of any provision of the AGREEMENT."  (Doc. #12, Exh. A, § 8.011.)  It is clear that plaintiff's breach of contract claim falls within the scope of the grievance procedure and that plaintiff submitted himself to the grievance procedures.

The formal grievance procedure begins at Level I which requires the grievant to file his grievance with the principal or

appropriate supervisor.  (<u>Id.</u> at § 8.04.)   If the grievant is dissatisfied with the results of the Level I proceedings, he may file a Level II grievance with the superintendent.[7]   (<u>Id.</u>)  Finally, if the grievant is not satisfied with the disposition at Level II, **or if no disposition has been made within ten days after the receipt of the grievance,** the grievance may be submitted to arbitration.  (<u>Id.</u> at § 8.06, emphasis added.)   Failure by the grievant to submit his grievance "to the next level of procedure shall constitute acceptance and shall close the matter."  (<u>Id.</u> at § 8.076.)

In the instant case, the School Board's failure to respond within the strict time limits entitled plaintiff to proceed to the next step of the grievance procedure under § 8.088 of the collective bargaining agreement (Doc. #12, Exh. A.)  It did not constitute a waiver of any further use of the grievance procedures. The Amended Complaint is devoid of any other allegations in support of waiver, and the Court concludes that plaintiff was required to adhere to the grievance procedures.

It is not disputed that plaintiff has failed to exhaust the remedies available under the collective bargaining agreement. Plaintiff attached his grievance to the Amended Complaint, but did not attach any documents indicating that he attempted to complete

_____

[7]If the grievance is based on the action or inaction of the District Office Administration, as is the case here, the proceedings may begin at Level II.  (Doc. #12, Exh. A, § 8.091.)

the grievance procedures, nor did he allege any facts to indicate his compliance with the grievance procedures.  Plaintiff merely alleges that the grievance procedure was waived due to the School Board's failure to respond to his grievance, a position which is contradicted by the collective bargaining agreement itself.[8]  Count III of the Amended Complaint shall be dismissed.

   **(2)  Injunction**

   Defendants argue that plaintiff's claim for permanent injunctive relief in Count I should be dismissed for failure to state a claim upon which relief may be granted.  (Doc. #13, p. 12.) "To obtain a permanent injunction, a plaintiff must establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief."  K.W. Brown and Co. v. McCutchen, 819 So. 2d 977, 979 (Fla. 4th DCA 2002) (citations omitted).

   Plaintiff claims that he has a contractual right to work at GGHS; however, the provision of the collective bargaining agreement cited by plaintiff states that "[a]n EMPLOYEE involuntary transferred under this section shall be given first consideration for a vacancy . . . ."  (Doc. #12, ¶ 30.)  This language clearly indicates that he has a right to be considered for a vacancy, but does not grant him a right to the position.

   _____

   [8]Although the Affidavit of Jon. D. Fishbane was properly submitted, it was not necessary to be considered by the Court in reaching its decision.  Therefore, plaintiff's motion to strike and exclude (Doc. #15, p. 11) will be denied as moot.

Plaintiff alleges that the School Board's failure to respond to his grievance in a timely manner created a situation in which there is no adequate remedy at law.  (Doc. #12, ¶ 45.)  As discussed above, the collective bargaining agreement provides a remedy if the School Board fails to respond to a grievance within the allotted time frame.  Because another form of relief was available, plaintiff has failed to adequately allege that there is no adequate remedy at law available.  Additionally, other than a conclusory allegation, plaintiff has failed to allege how irreparable harm will arise absent injunctive relief.  Therefore, plaintiff's claim for injunctive relief is inadequate and shall be dismissed.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss the Amended Complaint (Doc. #13) is **GRANTED** in part and **DENIED** in part as follows:

A.  Count I of the Amended Complaint is **DISMISSED** without prejudice.

B.  Count II of the Amended Complaint is **DISMISSED** as to the § 1983 claims against School Board and the individual defendants in their official capacities; and is **DISMISSED** as to the § 1985 claims as to all defendants.  The motion is otherwise **DENIED.**

C.  Count III of the Amended Complaint is **DISMISSED** as to all defendants.

2.  Plaintiff's Motion to Exclude and Strike the Affidavit of Jon D. Fishbane (Doc. #15, p. 11) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of August, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record